Ermine, Appellant, *v.* Frankel et al.

Argued April 14, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Joseph Sharfsin,* with him *Wilhelm F. Knauer,* for appellant.

*A. E. Hurshman,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1936:

This is a mandamus proceeding brought by appellant to compel the registrars of the 42d Division of the 35th Ward of the City of Philadelphia, in which he is a qualified voter, to register him as a member of the Democratic Party. He had previously been registered and enrolled as a member of the Republican Party. His right to register was challenged and the registrars refused to enroll him as a member of the Democratic Party unless he made the oath as provided in section 2 of the Act of July 25, 1913, P. L. 1043, 25 PS section 292, that he had voted for a majority of the candidates of the Democratic Party at the last preceding November election. Appellant refused to so make oath and the registrars thereupon declined to permit him to change his registration.

This appeal might be dismissed on the ground that the case is moot, because the only purpose of appellant's being registered as he desired was to enable him to vote at the primary election held on April 28, 1936. Before the next election he will be required to register again if he wishes to vote. We will not, however, dismiss the appeal on the ground that the case is moot, but must dismiss it because appellant has not followed the procedure and remedy which the law points out to him.

Section 22 of the Act of July 10, 1919, P. L. 857, 25 PS section 561, requiring personal registration in cities of the first class, provides that on any registration day preceding the spring primary, any person who desires to change the enrollment of his political designation, because of change in his party affiliation at the last preceding November election may appear before the registrars or the commissioners, whichever have the registers, and change the enrollment of his political designation.

Section 8 requires the registrars of each election district to meet at the polling place thereof on certain designated days to receive personal applications from persons who claim they are entitled to be registered; and section 9 provides that for the accommodation of the public the registration commission shall hold regular sessions for the registration of electors at its office to receive personal applications for registration from electors who have been refused registration by the registrars for any reason. Section 40 specifies that any person whose claim for registration has been denied by the commissioners may file an appeal with the proper court of common pleas.

Appellant after he was refused registration by the division registrars did not make any application to the commission, instead he began this proceeding to compel the registrars to enroll him as he desired. This was contrary to the spirit of the act and to the procedure which it maps out. Under these circumstances he could not invoke the remedy of mandamus against the registrars. Where a remedy or method of procedure is provided or duty enjoined by any act of assembly, the directions of such act must be strictly construed, and, under the Act of March 21, 1806, 4 Smith's Laws 326, such remedy or procedure is exclusive: *Bowman v. Gum, Inc.*, 321 Pa. 516; *Taylor v. Moore*, 303 Pa. 469.

The appeal is dismissed.