## Hirsch *v.* Hubert Transfer & Storage Company, Appellant.

606

Argued May 5, 1939.

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt,
JJ.

*Louis Vaira*, with him *Glenn C. Jones*, for appellant.

*David M. Janavitz*, with him *James E. Keehan*, for
appellee.

Opinion by Hirt, J., September 27, 1939:

This action was brought to recover damages for the
unlawful sale of plaintiff's goods by the defendant ware-
houseman and resulted in a verdict and judgment for
the plaintiff.

The goods were delivered by plaintiff to defendant
for storage on September 25, 1931, and defendant gave
its warehouse receipt for the goods. In 1934 plaintiff

was living at 1131 Dormont Avenue, Dormont, Pennsylvania, but in May 1935 had moved to 733 Maryland Avenue, Pittsburgh. Defendant had actual knowledge of this change of address, as evidenced by notations on its ledger sheet of plaintiff's account. On July 6, 1935, plaintiff was in default in the payment of storage charges, and on that date defendant attempted to notify plaintiff by registered mail that his goods would be sold on defendant's lien for storage charges on September 5, 1935. The notice, however, was addressed to plaintiff's former home in Dormont, though 733 Maryland Avenue, Pittsburgh, was the last address of plaintiff known to the defendant. This notice by registered mail was never received by plaintiff, but was returned unclaimed to the defendant by the postal authorities. On August 20, 1935, a date between the date of the registered notice and the date of the sale, plaintiff wrote defendant, and defendant replied in a letter directed to plaintiff at his Maryland Avenue address, but this letter contained no notice of defendant's intention to sell the goods on September 5, 1935, and on that date the goods were sold by the defendant without notice to plaintiff and without his actual knowledge. The effect of the failure of defendant to notify the plaintiff of its intention to sell the goods in satisfaction of its lien, is the controlling question in this appeal.

The Act of March 11, 1909, P. L. 19, sec. 33, 6 PS 29, requires that before sale "the warehouseman shall give a written notice to the person on whose account the goods are held, and to any other person known by the warehouseman to claim an interest in the goods. Such notice shall be given by delivery in person, or by registered letter addressed to the last known place of business or abode of the person to be notified." This is a statute in derogation of the common law, establishing remedial procedure, and "as to statutes generally, conferring powers, it may be said to be the result of the vast number of decisions upon questions arising under

such enactments, that a purely statutory authority or right must be pursued in strict compliance with the terms of the statute:" Endlich on Statutes, §353. Where a remedy or method of procedure is provided or duty enjoined by any act of assembly, the directions of such act must be strictly construed: *Ermine v. Frankel,* 322 Pa. 70, 185 A. 269.

Defendant failed to comply with the procedure prescribed by the statute in that the notice by registered mail was not addressed to the "last known place of business or abode" of the plaintiff, and the sale of plaintiff's goods without his actual knowledge was an unlawful conversion and gave him a right of action for his damages. *Moline v. Queensboro St. Warehouse,* 278 N. Y. S. 179, and *Hackett v. Nelson Ex. and Storage Co.,* 294 N. Y. S. 905, cited by defendant, are cases construing a similar statute, but in each of them the notice was sent to the last known address of the owner. Where that is done it is immaterial that the notice was not actually received by the owner. In each of these cases that was the fact, and they therefore have no application.

Defendant now for the first time complains also of the inadequacy of the court's charge. No objection was made to the charge at the time of trial, and no exception was taken, nor was there any request for additional instructions. "In the absence of a general exception the appellate court may reverse because of basic and fundamental error:" *Patterson v. Pittsburgh Rys. Co.,* 322 Pa. 125, 185 A. 283. But we are unable to find basic or fundamental error in the charge of the court below, and in the absence of a request by the defendant for further instructions, it is now too late for the defendant to complain. "One may not sit silent and take chances of an adverse verdict and then complain of a matter which could have been immediately rectified:" *Nock v. Coca Cola Bot. Wks.,* 102 Pa. Superior Ct. 515, 156 A. 537.

Judgment affirmed.