Jones Memorial Baptist Church *v.* Brackeen, Appellant.

Argued January 8, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

Rufus Scoville Watson, for appellant.

Robert N. C. Nix, Jr., with him Nix, Rhodes and Nix, for appellee.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

A regrettable controversy between a church and its pastor is the background of this appeal.

On January 23, 1964, the Jones Memorial Baptist Church, Philadelphia (Church), acting through the chairmen of its Board of Deacons and its Board of Trustees, instituted an equity action against the pastor of the Church, S. Amos Brackeen (pastor), in the Court of Common Pleas No. 2 of Philadelphia County. In its complaint, the Church averred, inter alia, that: (1) the pastor had "pursued a course of conduct which [had] brought dissension among the church membership and between the membership and the [pastor]"; (2) the pastor, by certain alleged conduct, had "besmirched the example of godliness that should be set by a religious teacher and leader"; (3) the pastor was thwarting attempts to hold a congregational meeting to pass upon his retention or dismissal as pastor; (4) on the occasion of two meetings, police were called to quell disturbances allegedly attributed to the pastor's conduct. At the Church's request, the court enjoined, preliminarily, (a) the pastor from occupying the Church pulpit until a duly supervised church meeting and (b) from interfering with the Church business and attendance.

Within several weeks of the institution of the equity action, the parties and their counsel entered into a written agreement on the basis of which the court on February 6, 1964, entered a consent decree and dissolved the injunction. Insofar as presently pertinent, the agreement provided a method for calling a congregational meeting of the Church by the pastor and, upon his failure to call the meeting, then by the Church clerk.

On June 2, 1964, the pastor, by a petition for a rule, sought to have the Boards of Deacons and Trustees held in contempt because of alleged violations by them of the consent decree. On the same date, the Church, by a petition for a rule, sought to have the pastor held in contempt because of alleged violations by him of the consent decree. The court issued rules in both instances and later held hearings.

After hearings, the court, on June 26, 1964, found that the pastor was in contempt of the consent decree because he had not and would not comply with that portion of the consent decree requiring the holding of a congregational meeting to determine whether the pastor should be retained or dismissed. The court then appointed two special masters to call and conduct a congregational meeting and held that, if the pastor continued to be contumacious of the consent decree, he would be committed to prison for 30 days and subjected to a $1,000 fine. From that decree the pastor now appeals.[1]

On this appeal, the pastor raises two issues: (1) whether the court below had *jurisdiction* of the ac-

---

[1] It may be noted that, subsequent to the decree, the pastor sought unsuccessfully of both the court below and this Court a supersedeas to prevent holding of the congregational meeting until the appeal was determined. Thereafter, the congregational meeting was held and a majority of the congregation voted to dismiss the pastor.

tion? (2) whether the court below had *authority* to enter the consent decree?

The thrust of the pastor's contention that the court below lacked jurisdiction is that, under the rules governing the conduct of the Church,[2] only the congregation of the Church had the right to authorize the institution of this action, that the Boards of Deacons and Trustees had no authority to institute this action in the name of the Church, and, therefore, since the action was instituted by parties who lacked standing, the court had no *jurisdiction*.

The test of jurisdiction is the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs. The question is whether the court has power to enter into the inquiry and not whether it is able to grant the relief sought in the particular case. Whether a plaintiff has a standing to institute an equity action does not involve a question of jurisdiction: *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566; *Witney v. Lebanon City*, 369 Pa. 308, 311, 85 A. 2d 106. It is clear beyond question that the court below had *jurisdiction* of this action.

The pastor next contends the court below did not have the *authority* to enter this consent decree. The basis of this contention is that, since the court lacked *jurisdiction*, the court had no *authority* to enter the consent decree. In view of our determination that the court did have *jurisdiction* this contention must fall.

It might be well to note that: "A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties—a contract binding the parties thereto to the terms thereof. [citing a case]. As a contract, the

---

[2] "The New Directory for Baptist Churches", Edward T. Hiscox, D.D. (Originally printed 1859; 16th printing, 1941).

court, in the absence of fraud, accident or mistake, had neither the power nor the authority to modify or vary the terms set forth": *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 405 Pa. 259, 265, 175 A. 2d 58. In the case at bar, there is neither averment nor proof of any fraud, accident or mistake in connection with the agreement between the parties upon which the consent decree is based. Represented by competent counsel, the parties entered into this agreement freely and voluntarily[3] and the consent decree simply carried out the agreement reached by the parties. Said decree was within the authority of the court, is valid and binds the parties to this action to full compliance therewith.

In our view, the decree of June 26, 1964 now challenged was a wise and proper decree. It implicitly gave full recognition to the congregation of the Church as the governing body under the ecclesiastical rules of the Church and it provided for a properly supervised meeting at which the congregation of the Church could express its will as to the retention or dismissal of the pastor. The majority of the congregation has now spoken in favor of termination of relations between the Church and the pastor. The best interests of both the Church and the pastor require acquiescence in the expressed will of the majority of the congregation and the termination of this controversy. Any further litigation will adversely affect all parties concerned.

Decree affirmed. Each party to pay own costs.

---

[3] In his petition for attachment filed June 2, 1964, the pastor gave full recognition to the validity of the decree and acknowledged *his consent* to such decree.