Edward F. Lamolinara, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued February 7, 1980, before Judges BLATT, MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Lawrence J. Neary*, with him, *P. Richard Wagner, Mancke & Lightman*, for petitioner.

*John L. Heaton*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 29, 1980:

This case arises on a petition for review by a former member of the Pennsylvania State Police Force, seeking to recover monetary benefits allegedly due him

under Section 1 of the "Heart and Lung Act" of 1935.[1] The petitioner invokes this Court's original jurisdiction to obtain a money judgment for the sum allegedly due; and in the alternative, the petitioner invokes our appellate jurisdiction to obtain review of the action of the State Police in denying him the benefits claimed for.

To that petition the respondent, State Police, filed a motion to quash and preliminary objections. The motion to quash the petition for review is grounded on an assertion that the petition was filed too late after the respondent's action which terminated the petitioner's eligibility for the benefits here involved. We agree that the instant petition for review was untimely filed; and, therefore, it cannot be entertained under either our original jurisdiction or appellate jurisdiction.

The petitioner, Edward F. Lamolinara, claims against the Pennsylvania State Police for $35,196.31. He alleges that the sum represents unpaid salary he should have received from the Police from January 6, 1967 to February 16, 1970 pursuant to the "Heart and Lung Act".

Under Section 1 of the "Heart and Lung Act" a member of the State Police Force temporarily disabled from performing his duties, due to a work-related injury, is entitled to his full salary until the temporary disability from that injury has ceased. The instant petition for review complains that the State Police wrongfully removed petitioner from that disability status on January 6, 1967 and thereby deprived him of salary benefits under the Act, from that date to February 16, 1970, when he retired from the Force.

Petitioner Lamolinara became a member of the State Police Force about September 1965. In October 1965 he suffered a work-related injury; and as a result

---

[1]Act of June 28, 1935, P.L. 447, §1 *as amended*, 53 P.S. §637.

of that injury he was placed on temporary full-disability leave, effective December 7, 1965. He remained on temporary disability status until January 6, 1967. During that entire interim he continued to receive his full salary, pursuant to the "Heart and Lung Act". However, by an official letter dated January 3, 1967 and signed by the then Acting Commissioner of State Police, the petitioner was notified that his previous disability status was to be terminated on January 6, 1967 and that he had to return to active duty on that date. That same letter advised the petitioner that if he wished further time off it would have to be in the category of sick leave. Additionally, the letter warned the petitioner that if he did not report for duty on January 6th, he would be carried on leave without pay.

The letter of January 3rd was acknowledged by Lamolinara; and he responded by stating that he was still unable to return to duty because of the injury. That representation brought two other letters from the Police: the first advised the petitioner that to qualify for sick leave he had to present a letter from his physician every three days. That communication also warned that the doctor's letter was required by regulations and that failure to comply could result in suspension without pay. The next letter from the State Police, dated February 9, 1967 and over the signature of the Commissioner, suspended the petitioner without pay for his failure to submit reports from his physician as instructed. On February 16, 1970 petitioner Lamolinara was placed on permanent disability retirement.

It is startling that the petitioner initiated his judicial claim for the subject benefits by a petition for review filed on January 30, 1979: twelve years after the action complained of. Under Section 1512(a) of the Pennsylvania Rules of Appellate Procedure a petition

for review must be filed within 30 days of a final adjudication. Pa. R.A.P. 1512(a). This Court has made it clear that a letter from a state agency can constitute such an adjudication, where the letter is a final directive of a final determination affecting personal or property rights. *E.g.*, *Burgerhoff v. Pennsylvania State Police*, 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980); *Callahan v. Pennsylvania State Police*, 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979).

Of special significance in this case is the letter from the State Police dated January 3, 1967, by which the petitioner was removed from the status of disability leave and ordered back to work. Prior to that letter the petitioner was carried in a status that entitled him to full salary under the "Heart and Lung Act". By force of that letter the petitioner no longer had that status and its benefits after January 6, 1967. Accordingly, the letter of January 3, 1967 announced a determination affecting the personal or property rights of the petitioner. On its very face, that letter was a final directive that the petitioner would no longer be carried on disability leave and that any other time off would have to be sick leave. If the petitioner had any doubts as to the finality of that letter in terminating his disability leave, those doubts had to be dispelled by the next letter that repeated that determination, and the ensuing letter that suspended him without any pay at all. Therefore, we conclude that the letter of January 3, 1967 was a final adjudication from which the petitioner had 30 days to appeal. His failure to do so is fatal to the instant petition for review.

Indeed, this petitioner lost his right to appeal from the respondent's action long before this Court even came into existence. Under the Administrative Agency Law of 1945, he likewise had 30 days to appeal the adjudication. Act of June 4, 1945, P.L. 1388 §41, *as amended*, 71 P.S. §1710.41. That law was in effect in

1967 when the State Police terminated the petitioner's benefits. That Law gave him 30 days to appeal the decision to the Court of Common Pleas of Dauphin County. His failure to timely exercise that then existing remedy ended his right to review of the agency action.

The material features of the instant case place it squarely within our decision in *Callahan v. Pennsylvania State Police, supra,* in which we held that a letter from that unit changing a State policeman's disability status under the "Heart and Lung Act" was an adjudication which had to be appealed within 30 days, and that the failure to do so was fatal to the petition for review. In *Callahan,* as in this case, procedural defects were waived by the failure to appeal timely.

Furthermore, the failure of this petitioner to take a timely appeal from the agency action complained of also precludes collateral attack on that same action by resort to our original jurisdiction. *Spencer v. Hemlock Township,* 43 Pa. Commonwealth Ct. 36, 402 A.2d 1087 (1979); *Callahan v. Pennsylvania State Police, supra.* Nor is it of any consequence to the result here reached, that 9 years after the action complained of the petitioner filed a separate legal action to examine his personnel records.[2]

Therefore, we grant the respondent's motion to quash the petition for review.

## ORDER

AND Now, the 29th day of May, 1980, the petition for review filed by Edward F. Lamolinara in the above matter is hereby quashed.

President Judge BOWMAN did not participate in the decision in this case.

---

[2]*Lamolinara v. Barger,* 30 Pa. Commonwealth Ct. 307, 373 A.2d 788 (1977) (No. 1099 C.D. 1976).