Centennial School District, Appellant *v.* Joanne Jackson, Appellee.

Argued December 7, 1983, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*John Philip Diefenderfer, Stuckert, Yates & Krewson,* for appellant.

*A. Martin Herring,* for appellee.

Opinion by Judge Doyle, March 28, 1984:

This is an appeal from the order of the Bucks County Court of Common Pleas which granted summary judgment in favor of Joanne Jackson in an assumpsit action to recover her back wages as a teacher formerly employed by the Centennial School District.

On November 27, 1975, the Board of Directors of the Centennial School District (Board) discharged Joanne Jackson (employee) from her professional position with the school district on charges of mental derangement, incompetency, and persistent negligence. On appeal, the Secretary of Education reversed the discharge on the basis of procedural error,[1] and remanded to the Board for a new hearing. After additional hearings were held, the Board again discharged employee on July 28, 1977. This discharge was upheld by the Secretary of Education on appeal, and the matter was not further pursued.[2]

On August 27, 1979, the employee instituted a separate action in the Bucks County Court of Common Pleas to recover her salary for the period between her

---

[1] The secretary found that the Board violated employee's right to due process when it conducted the dismissal hearing in the absence of employee's attorney.

[2] An appeal to the Commonwealth Court from the decision of the Secretary of Education was discontinued by the employee on March 6, 1978, and the appeal was quashed on March 8, 1978.

attempted discharge in 1975 and her effective discharge in 1977. The trial court awarded employee summary judgment on her cause of action in assumpsit,[3] and the Board has taken the present appeal.

The Board argues that the Court of Common Pleas had no jurisdiction to hear this matter because the previous proceedings under the Public School Code of 1949 (School Code)[4] constituted the employee's exclusive remedy for the recovery of her back salary. Prior case law suggests, however, that a separate action in assumpsit is an appropriate method for the recovery of back salary owing to an illegally discharged or demoted public school employee. *See Goetz v. Norristown Area School District*, 16 Pa. Commonwealth Ct. 389, 328 A.2d 579 (1974); *Jost v. Phoenixville Area School District*, 267 Pa. Superior Ct. 461, 406 A.2d 1133 (1979).

The Board also argues that the Secretary of Education's final decision under the School Code proceedings is res judicata to employee's present claim for backpay. In order for res judicata to apply, there must be a concurrence of four conditions: 1) identity of the cause of action; 2) identity of the parties; 3) identity of the issues, and 4) identity of the quality or capacity of the parties suing or being sued. *Reilly v. Department of Environmental Resources*, 49 Pa. Commonwealth Ct. 374, 412 A.2d 652 (1980).

After reviewing the present assumpsit action, we find res judicata to be inapplicable, as neither the cause of action nor the issues raised therein are the same as those presented in the previous action before the Secretary of Education. While the previous action was based on remedies provided under the School

---

[3] The Board had been earlier granted partial summary judgment on the employee's count in trespass.

[4] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 to 27-2702.

Code, the present action is based on an alleged breach of a contract entered into between the Board and the employee. In addition, the issue presented in the previous action concerned the propriety of the employee's discharge, while the issue presented in the present action concerns employee's backpay for the period before her effective discharge.

Although the Board contends that the employee could have raised the issue of backpay as one of her remedies under the School Code, a review of the School Code suggests otherwise. Section 1130 of the School Code[5] entitles a wrongfully discharged employee to backpay in cases where the final decision is in the employee's favor. *Shearer v. Secretary of Education*, 57 Pa. Commonwealth Ct. 266, 424 A.2d 633 (1981). In the present case, however, the final decision was not in the employee's favor. Indeed, employee does not now contest the validity of her discharge on July 28, 1977, nor does she request backpay after that date, as would be provided under Section 1130. Rather, employee requests backpay for the period before this effective discharge, a remedy not clearly provided for under the School Code.[6] Thus, employee's failure to pursue the issue of backpay in the context of a School Code appeal should not bar her present action in assumpsit.[7]

---

[5] 24 P.S. §11-1130.

[6] The Board argues that the employee should have raised the issue of backpay when the Secretary of Education reversed her 1975 discharge. Although this decision was in the employee's favor, it was not a final decision as required under Section 1130, but rather the matter was remanded to the Board for additional hearings.

[7] Since we have found no identity between the issues raised in the two actions, the Board's additional argument based on the doctrine of collateral estoppel must also fail, as that doctrine also requires an identity of issues as well as of parties. *Fincher v. Township of Middlesex*, 64 Pa. Commonwealth Ct. 355, 439 A.2d 1353 (1982).

The Board argues further that summary judgment should not have been granted because there was a disputed issue of material fact concerning the collective bargaining agreement upon which employee's claim was based.[8] Although a copy of this agreement was attached to, and made part of the employee's complaint, the Board, in its answer, denied that this copy was true and correct. Since the employee has filed no affidavit under Pa. R.C.P. No. 1035(d) in support of her complaint, the Board's denial is sufficient to establish a controverted issue of material fact. *See Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973); *Capitol Investment Development Corp. v. Jayes*, 30 Pa. Commonwealth Ct. 283, 373 A.2d 785 (1977).[9] In view of such an issue, we are constrained to conclude that the trial court erred in granting employee's motion for summary judgment. Accordingly, we must reverse the decision of the trial court and remand the case for trial.

ORDER

Now, March 28, 1984, the order of the Court of Common Pleas of Bucks County in the above referenced matter, dated November 4, 1982, is hereby vacated. The matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[8] Summary judgment may be entered only if the moving party establishes that there exists no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035; *Burd v. Department of Transportation*, 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982).

[9] Had employee filed an affidavit under Pa. R.C.P. No. 1035(d), the Board would not have been able to rely upon a bare denial in its answer, but would have been required to submit an opposing affidavit, setting forth the facts upon which the denial was based. *Capitol Investment Development Corp.; First Mortgage Co. of Pennsylvania v. McCall*, Pa. Superior Ct. , 459 A.2d 406 (1983).