501 A.2d 218

**Joanne JACKSON, Appellee,**

v.

**CENTENNIAL SCHOOL DISTRICT, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1985.

Decided Nov. 22, 1985.

John Philip Diefenderfer, Newtown, for appellant.

A. Martin Herring, Jenkintown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice *.

Appellee, Joanne Jackson, was a tenured professional employee of the Centennial School District. In August 1975, Jackson received notice from the District's School Board indicating that the Board would seek to terminate her employment on the grounds of mental derangement,

---

* This case was reassigned to this writer.

incompetency, and persistent negligence.[1]  Several hearings were held throughout the fall of 1975.  On November 27, 1975, the Board of Directors of the Centennial School District held a hearing without the presence of Jackson's attorney, and voted to discharge Jackson for the above charges.  On appeal, the Secretary of Education reversed the discharge on the basis that Jackson's right to due process was violated when the Board conducted the dismissal hearing in the absence of her attorney.  The Secretary remanded the case to the Board of School Directors.  After additional hearings were held, the Board again discharged Jackson on July 28, 1977.  This discharge was upheld on Appeal by the Secretary of Education.  An untimely appeal to the Commonwealth Court from the decision of the Secretary was voluntarily discontinued by Jackson on March 6, 1978 and was quashed on March 8, 1978.

Thereafter, on August 27, 1979, Jackson instituted a separate action in assumpsit in the Court of Common Pleas of Bucks County to recover her salary for the period between the attempted discharge in 1975 and the effective discharge in 1977.  Jackson moved for summary judgment and the Centennial School District filed a cross motion for summary judgment alleging lack of jurisdiction, *res judicata* and collateral estoppel.  The trial court found for Jackson and granted her motion for summary judgment.  The School District appealed to the Commonwealth Court which affirmed the trial court's conclusions that Jackson could maintain an action in assumpsit and that such action was not barred by *res judicata* or collateral estoppel.[2]  81 Pa.Commw. 280, 473 A.2d 244.

The School District then appealed to this Court arguing that a professional school employee's remedies for the termination of his or her professional contract are exclusively within the Public School Code, Act of March 10, 1949, P.L.

1.  *See* Public School Code, Act of March 10, 1949, P.L. 30, Art. XI, § 1122, *as amended,* 24 P.S. § 11–1122.

2.  The Commonwealth Court, however, determined that the grant of summary judgment was improper in this case and remanded it back to the trial court.

30, *as amended,* 24 P.S. § 1–101 *et seq.* ("School Code"), and that Jackson's action below was barred by *res judicata* or collateral estoppel.

As the facts illustrate, Appellee Jackson, having obtained unfavorable results in her proceedings before the Board of School Directors ("Board"), abandoned appellate review as prescribed in the School Code and sought instead to obtain back wages through an assumpsit action in the Court of Common Pleas. Appellant contends that the Court of Common Pleas was without jurisdiction to hear the case because the School Code provides the exclusive remedies for a terminated professional employee. That procedure culminates in the right to appeal to the Commonwealth Court. Appellees contend that, notwithstanding the remedy provided under the Code, the Court of Common Pleas has original subject-matter jurisdiction over an action in assumpsit by a terminated professional employee for back wages.

We believe, however, that the issue presented in the instant case is not one of subject matter jurisdiction, but instead is governed by the concepts of primary jurisdiction, exhaustion of administrative remedies, the exclusivity of the legislatively prescribed procedure, and judicial economy. In essence, the key to our analysis is the clear legislative intent to confine the role of the judiciary to one of review of an administrative process.

An examination of section (C) of the School Code of 1949 entitled "Tenure", 24 P.S. §§ 11–1121 to 11–1132, reveals a comprehensive statutory procedure for the termination of a professional employee. Section (C) provides that notice and the opportunity for a hearing must be given to an employee, 24 P.S. § 11–1121; sets forth the valid causes for termination, 24 P.S. § 11–1122; contains a rating system for determining whether the professional employee is incompetent, 24 P.S. § 11–1123; sets forth a detailed procedure for dismissal, 24 P.S. § 11–1127 to 1131; and finally, provides for an appeal to the Commonwealth Court, 24 P.S. § 11–1132.[3] It is obvious that the legislature intended for the

---

**3.** Section 11–1132 states:

The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken in accordance with the provisions of the

terminated professional employee to thoroughly litigate his or her claim before the Board of School Directors and then appeal an unfavorable decision first to the Secretary of Education, and ultimately to the Commonwealth Court. This statutory scheme requires the terminated professional employee to look first to the developed expertise of those dedicated to education before resorting to the judicial system of the Commonwealth. It provides a complete and adequate procedure in accordance with recognized standards of due process.[4]

We have consistently held that where a statutory remedy is provided, the procedure prescribed therein must be strictly pursued to the exclusion of other methods of redress. *Interstate Traveller Services, Inc. v. Commonwealth, Department of Environmental Resources*, 486 Pa. 536, 542, 406 A.2d 1020 (1979); *Commonwealth, Dept. of Environmental Resources v. Wheeling-Pittsburgh Steel Corp.*, 473 Pa. 432, 443, 375 A.2d 320 (1977); *Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange*, 465 Pa. 240, 245, 348 A.2d 742 (1975); *Borough of Green Tree v. Board of Property Assessments*, 459 Pa. 268, 277, 328 A.2d 819 (1974); *Colteryahn Sanitary Dairy v. Milk Control Commission*, 332 Pa. 15, 23–24, 1 A.2d 775 (1938);

act of June 4, 1945 (P.L. 1388, No. 442), known as the "Administrative Agency Law" [71 P.S. §§ 1710.41 to 1710.47, since repealed]. 24 P.S. § 11–1132.

Although 71 P.S. §§ 1710.41 to 1710.47, have since been repealed, these sections were in effect at the time this cause of action arose. Section 1710.47 (repealed) provided for an appeal to the Commonwealth Court. A similar right of appeal is now provided by section 704 of the present Administrative Agency Law, 2 Pa.C.S. § 704, and section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1).

4. Appellee does not argue that the procedure set forth in the School Code is not complete or lacking in procedural due process. Appellee argues that a finding that the first discharge was wrongful without an award of back pay "invites substantial due process deviations." Brief of Appellee at 9. Although such may be true, and we do not decide that issue today, it does not render the hearing and appeal process set forth in the statute constitutionally defective. Had appellee made a timely appeal, that issue could have been litigated before the Commonwealth Court.

*Ermine v. Frankel,* 322 Pa. 70, 72, 185 A. 269 (1936); *Bowman v. Gum, Inc.,* 321 Pa. 516, 523–24, 184 A. 258 (1936); *White v. Old York Road Country Club,* 318 Pa. 346, 349–50, 178 A. 3 (1935); *Taylor v. Moore,* 303 Pa. 469, 474, 154 A. 799 (1931); *Moore v. Taylor,* 147 Pa. 481, 484, 23 A. 768 (1892).

This theory is also embodied in our Statutory Construction Act which states:

In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and *no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect.* 1 Pa.C.S. § 1504 (emphasis added).

We must conclude, therefore, that the statutory remedy set forth in section (C) of the School Code, provides the exclusive procedure whereby a terminated professional employee can seek judicial review of administrative determinations. As stated in *Pennsylvania Life Insurance Company v. Pennsylvania National Life Insurance Company,* 417 Pa. 168, 173, 208 A.2d 780, 783 (1965), "[W]here such a provision is made for direct appeal to a court from an administrative decision, such procedure should be followed. [citations omitted] Such a policy insures orderly procedure." *See also Erie Human Relations Commission ex rel. Dunson, supra,* 465 Pa. at 245, 348 A.2d at 744; *Borough of Green Tree v. Board of Property Assessments, supra,* 459 Pa. at 278–79, 328 A.2d at 824.

In the present case, Appellee Jackson attempted to circumvent the statutory procedure by abandoning the appeal process of the Administrative Agency Law, *see supra* note 3, and filing a common law action under the original subject-matter jurisdiction of the Court of Common Pleas. We hold such circumvention impermissible. A similar situation arose in *Lamolinara v. Commonwealth, Pennsylvania State Police,* 51 Pa.Commw. 570, 414 A.2d 1126 (1980), *aff'd,* 494 Pa. 137, 430 A.2d 1154 (1981), where it was held

that the failure to take a timely appeal from an agency action precluded collateral attack on the same action by resort to the original jurisdiction of the Commonwealth Court. We believe the holding of *Lamolinara* is jurisprudentially sound and hold that in the instant case, Appellee Jackson is precluded from making a collateral attack upon the unappealed decision of the Secretary of Education.

This rule, disallowing collateral attack, is premised not upon the idea that the court lacks original subject matter jurisdiction, but rather upon the well-known doctrines of primary jurisdiction and exhaustion of administrative remedies.[5]

In general, the doctrine of primary jurisdiction holds that where an agency has been established to handle a particular class of claims, the court should refrain from exercising its jurisdiction until the agency has made a determination. *Elkin v. Bell Telephone Company of Pennsylvania*, 491 Pa. 123, 132–133, 420 A.2d 371 (1980); *Commonwealth v. Bethlehem Steel Corporation*, 469 Pa. 578, 593–594, 367 A.2d 222, *cert. denied*, 430 U.S. 955, 97 S.Ct. 1600, 51 L.Ed.2d 804 (1977); *Weston v. Reading Co.*, 445 Pa. 182, 198–200, 282 A.2d 714 (1971). *See generally* 3 K. Davis, Administrative Law Treatise § 19.01 *et seq.* (1958). Hence, although the court may have subject-matter jurisdiction, the court defers its jurisdiction until an agency ruling has been made. This doctrine, extended to its fullest, is in parity with the doctrine of exhaustion of administrative remedies, which requires the litigant to pursue *all* of the administrative remedies before seeking judicial review. *Shenango Valley Osteopathic v. Dept. of Health*, 499 Pa. 39, 451 A.2d 434 (1982); *Canonsburg General Hospital v. Dept. of Health*, 492 Pa. 68, 422 A.2d 141 (1980); *Delaware Valley*

5. Frequently, it is said that the failure to exhaust administrative remedies divests the court of "jurisdiction." This is not subject-matter jurisdiction, however, but rather the judge-made rule that exhaustion of administrative remedies is a prerequisite to the court's exercise of subject-matter jurisdiction. *See, e.g., Shenango Valley Osteopathic v. Department of Health*, 499 Pa. 39, 46 n. 7, 451 A.2d 434, 437 n. 7 (1982).

*Convalescent Center, Inc. v. Beal,* 488 Pa. 292, 412 A.2d 514 (1980); *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 6, 383 A.2d 791 (1977); *Commonwealth v. Glen Alden Corp.,* 418 Pa. 57, 210 A.2d 256 (1965); *Collegeville Borough v. Philadelphia Suburban Water Co.,* 377 Pa. 636, 105 A.2d 722 (1954).

As we stated in *Canonsburg General Hospital, supra:* Well settled case law of this Court precludes a party's challenging administrative decision making from obtaining judicial review, ... without first exhausting administrative remedies....

*Id.,* 492 Pa. at 73, 422 A.2d at 144.

Where, as in the instant case, the statute provides for direct appeal pursuant to the Administrative Agency Law, *see supra* note 3, that appeal process is also part of the administrative remedy and must likewise be exhausted. *Erie Human Relations Commission ex rel. Dunson, supra; Borough of Green Tree v. Board of Property Assessments, supra; Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co., supra.* Here, although Appellee Jackson initially proceeded pursuant to the School Code, she decided to abandon the statutorily prescribed appellate review and thus failed to exhaust her administrative remedies. The failure to exhaust administrative remedies, without good cause, precludes the court from entertaining the matter. *See e.g., Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976); *Deluca v. Buckeye Coal Company,* 463 Pa. 513, 345 A.2d 637 (1975); *West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970); *Commonwealth v. Glen Alden Corp., supra.*

Moreover, allowing a claimant to bypass an opportunity to appeal an adverse ruling by disregarding the statutorily prescribed route, and at the same time to retain the ability to collaterally challenge the outcome of the agency determination does not conform with our notions of judicial economy. *Pennsylvania Labor Relations Board v. Commonwealth,* 478 Pa. 582, 590, 387 A.2d 475 (1978).

Here it is of no import that appellee did not litigate her claim for back wages before the Board. The critical factor is that she could have and should have litigated all her claims in the administrative proceedings and then followed the judicial review process set forth as provided in section 1132 of the School Code. 24 P.S. § 11–1132. To allow otherwise would serve to defeat the legislatively prescribed procedure. *Shenango v. Valley Osteopathic, supra,* 499 Pa. at 47, 451 A.2d at 438.

Accordingly, for the reasons set forth above, we reverse the Commonwealth Court, vacate the order of the Court of Common Pleas of Bucks County and dismiss the complaint.

HUTCHINSON, J., did not participate in the consideration or decision of this case.

LARSEN, J., files a dissenting opinion in which PAPA-DAKOS, J., joins.

LARSEN, Justice, dissenting.

Despite the fact that the issues of whether the doctrine of primary jurisdiction has any application to this case or whether appellee has failed to exhaust her administrative remedies have neither been properly preserved or presented to this Court, nor properly presented to or considered by the courts below, the majority states that it "believes" that "the issue presented in the instant case is not one of subject matter jurisdiction, but instead is governed by the concepts of primary jurisdiction, exhaustion of administrative remedies, the exclusivity of the legislatively prescribed procedure, and judicial economy." At 104.

I disagree.

The Board argues in this case that the court of common pleas had no jurisdiction over this matter. The Board contends that the Public School Code, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 1–101 *et seq.,* vests exclusive jurisdiction of all disputes concerning the dismissal of professional school employees in school boards, the Secretary of Education and the Commonwealth Court, and

therefore, that courts of common pleas have no jurisdiction to consider such disputes. *See* 24 P.S. § 11–1131 ("In case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition ... may be taken to the [Secretary of Education]...."); 24 P.S. § 11–1132 ("The ruling or decision of the Secretary of Education shall be final, unless, an appeal is taken [to the Commonwealth Court].").[1] This is an argument which challenges the subject matter jurisdiction of the court of common pleas.

The Judicial Code, 42 Pa.C.S.A. § 101 *et seq.*, sets forth the basic grants of jurisdiction to the courts of this Commonwealth. The Code provides that:

> Except where *exclusive original jurisdiction* of an action or proceeding is by statute ... *vested in another court* of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings....

42 Pa.C.S.A. § 931(a) (emphasis added).

In this case, the court of common pleas lacked jurisdiction over this matter only if exclusive original jurisdiction had already been vested in another court. A review of the cited provisions of the School Code reveals, however, that the School Code does not vest original jurisdiction over professional employee dismissals in *any* court.[2] The School Code does grant authority to school boards, the Secretary of Education, and the Commonwealth Court to resolve disputes concerning the dismissal of professional employees.

1. 24 P.S. § 11–1132 provides that an appeal from the Secretary of Education shall be taken "in accordance with the provisions of the act of June 4, 1945 (P.L.1388, No.442), known as the 'Administrative Agency Law.'" The Act of June 4, 1945 (P.L.1388, No.442), 71 P.S. §§ 1710.41–1710.47, has been repealed and replaced by the Administrative Agency Law, 2 Pa.C.S.A. §§ 501–508 and §§ 701–704. Under this law, appeals from decisions of the Secretary of Education are properly directed to the appellate jurisdiction of the Commonwealth Court. 2 Pa.C.S.A. § 702; 42 Pa.C.S.A. § 763(a)(1).

2. The Judicial Code makes it clear that agencies, such as school boards and the Secretary of Education, are not courts within the meaning of 42 Pa.C.S.A. § 931(a). *See* 42 Pa.C.S.A. § 102.

However, this grant of authority does not constitute a grant of exclusive original jurisdiction to a court, and I would hold that it cannot, therefore, deprive the courts of common pleas of jurisdiction over such matters.

The Board argues, however, that since appellee could have litigated the issue of back pay before the Board and the Secretary of Education, the court of common pleas had no jurisdiction over this issue. *See, e.g., Shearer v. Commonwealth, Secretary of Education,* 57 Pa.Commw. 266, 424 A.2d 633, 634 (1981) (authority of Secretary of Education to grant back pay on appeal from dismissal illustrated). I think that the Board has misperceived the nature of subject matter jurisdiction.

The test for determining the jurisdiction of a court over a particular subject matter is well established:

"The test of jurisdiction is the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs. The question is whether the court has power to enter into the inquiry and not whether it is able to grant the relief sought in the particular case."

*Cooper-Bessemer Company v. Ambrosia Coal and Construction Company,* 447 Pa. 521, 524, 291 A.2d 99, 100 (1972) (citation omitted).

In keeping with this test, this Court held long ago that [e]ven if a plaintiff have no standing to bring his action, even if his statement of claim or bill in equity be demurrable, even if he fails to establish the allegations in his complaint, even if the court ultimately conclude that the relief he seeks should not be granted in whole or in part, not any or all of these circumstances would enter into, much less determine, the question whether the court has jurisdiction of the litigation.

*School District of Zerbe Township v. Thomas,* 353 Pa. 162, 165, 44 A.2d 566, 568 (1945).

These cases make it clear that subject matter jurisdiction is separate from, and cannot be defeated by, defenses or

procedural defects which a defendant may choose to raise. Thus, even if a plaintiff has failed to exhaust his administrative remedies prior to filing suit in court, this circumstance does not divest the court of jurisdiction over the lawsuit. In such a case, the court may refuse to exercise its jurisdiction so that administrative procedures may be pursued, or it may choose to exercise its jurisdiction if it determines that the administrative remedies are inadequate. *See Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977). In either case, however, the court has jurisdiction over the subject matter of the case.[3] A procedural defect, such as a party's failure to exhaust administrative

3. This Court has held in several cases that where an administrative remedy is statutorily prescribed for the resolution of a particular type of dispute, the general rule is that a court is without jurisdiction to entertain an action to resolve that dispute. *See, e.g., Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976) and cases cited therein. While I think this use of the term "jurisdiction" is confusing, I do not think that the view expressed in this dissenting opinion is inconsistent with this Court's past decisions.

"The term 'jurisdiction' ... is a word of large and comprehensive import, with different meanings, dependent on the connection in which it is used and the subject matter with regard to which it is applied." 20 Am.Jur.2d, Courts § 87 (1965). Thus, while "lack of jurisdiction" is frequently used to designate a court's failure to entertain an action for any reason, I think that such use of the term "jurisdiction" is misleading because it fails to distinguish between a court's *inability* to act because it lacks subject matter jurisdiction and a court's *refusal* to act because certain procedural defects, such as a failure to exhaust administrative remedies, make its exercise of jurisdiction unwarranted. *See Racunas v. Ringgold School District,* 70 Pa.Commw. 221, 452 A.2d 917, 918 n. 1 (1982) (emphasis added) ("In this instance, the question of the jurisdiction of the Court relative to Ms. Racunas' failure to exhaust her administrative remedies was raised in the pleadings before the trial court, and in the appeal to this Court.... In the context of a mandamus action such as this, *it is actually not a want of jurisdiction which is being argued, but the failure of the plaintiff to prove those 'elements precedent,' whose absence bars the court from taking cognizance of the action.* Because *the issue is not correspondent to subject-matter jurisdiction,* it is waivable....").

I think that although the statement of law in the cited case is unclear, its meaning is correct, and this dissenting opinion does not contradict it, because that case simply stands for the proposition that courts may refuse to entertain actions, even though they have jurisdiction over them, if the parties have failed to exhaust their statutorily prescribed administrative remedies prior to coming into court.

remedies, cannot affect the statutory grant of jurisdiction to a court.[4]

Thus, even assuming that appellee failed to exhaust her administrative remedies by failing to litigate the issue of back pay before the Board and the Secretary of Education, I would hold that that failure does not remove this case from the jurisdiction of the court of common pleas, and that the courts below were correct in so concluding. This is not to say that appellee has a right to back pay; rather, I would simply hold that the court of common pleas had jurisdiction to determine whether or not appellee was entitled to an award of back pay, or whether such defenses as failure to exhaust administrative remedies were sufficient to defeat appellee's claim.[5]

Because of the majority's disposition of this case, the majority opinion does not discuss the remaining issues raised by the Board in this appeal. Since I would resolve this case differently, however, I think that a review of those issues is appropriate.

The Board also argues that appellee is barred from recovery by res judicata. The Board contends that appellee had an opportunity to litigate the issue of back pay before the Board, the Secretary of Education and the Commonwealth Court after her discharge in 1977, and that the judgment concluding that action now precludes her from pursuing a

4. A procedural defect may, however, defeat a court's jurisdiction if the court's jurisdiction is expressly conditioned upon the proper completion of a particular procedure. For a case concerning such a prerequisite to subject matter jurisdiction, see Mathews v. Eldridge, 424 U.S. 319, 326–31, 96 S.Ct. 893, 898–901, 47 L.Ed.2d 18 (1976). In this case, since the statute which defines the jurisdiction of the courts of common pleas does not make exhaustion of administrative remedies a precondition for jurisdiction, I would hold that a party's failure to exhaust administrative remedies cannot defeat the jurisdiction of a court of common pleas.

5. Since the Board failed to raise or preserve the issue of exhaustion of administrative remedies for appellate review, however, it is unnecessary to discuss this issue on the merits.

separate action in assumpsit to recover back pay.[6] I think this argument is without merit.

> "For the doctrine of res judicata to prevail, there must be a concurrence of four conditions: (1) Identity in the thing sued upon; (2) **identity of the cause of action;** (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.... A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or *their privies* on the **same cause of action....**"

> \* \* \* \* \* \*

> **The fundamental principle upon which the doctrine is based is that a court judgment should be conclusive** as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in **respect to all points of law relating directly to the cause of action** and affecting the subject matter before the court.

*Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 497–98, 327 A.2d 72, 75 (1974) (citation omitted; underscoring in original, bolding added). *See also* Restatement (Second) of Judgments § 18 ("When a valid and final personal judgment is rendered in favor of the plaintiff: (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof...."); § 19 ("A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.").

Since res judicata will only bar a subsequent suit if that suit is based on the same cause of action as the original suit between the parties, appellee's case in assumpsit is barred

---

**6.** It is undisputed that appellee failed to request back pay in the proceedings which followed her 1977 discharge. The issues presented to the Secretary of Education on appeal from the discharge were: 1) whether appellee's supervisor was properly certified to rate appellee; 2) whether the evidence was sufficient to support the charge of incompetency; and 3) whether appellee received full, impartial and unbiased consideration from the Board.

only if her claim to back pay is based on the cause of action already litigated in the proceedings before the Board and the Secretary of Education relative to appellee's 1977 discharge.[7]

This Court resolved the issue of what constitutes a cause of action for purposes of res judicata in *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951). In that case, Mrs. Fisher and her son George were killed in an automobile accident. Mr. Fisher, individually and as administrator of the estate of Mrs. Fisher, sued the driver of the other vehicle. Subsequently, Mr. Fisher instituted another suit against the other driver, individually and as administrator of the estate of his son. The suit on behalf of Mrs. Fisher was concluded while the suit on behalf of George was still in the pleading stage. This Court was asked to decide whether both suits were based on the same cause of action, such that the judgment in the suit on behalf of Mrs. Fisher barred further proceedings in the suit on behalf of George. This Court stated:

The phrase "cause of action" is not susceptible of any single definition to be applied in all types of cases....

... "It, therefore, becomes necessary to determine what constitutes the cause of action in Pennsylvania. Is it the violation of the duty which the defendant owes to exercise due care, or the damage which flows from the wrong? This court has defined it to be ... 'the negligent act or acts which occasioned the injury.' It 'is that which produces or effects the results complained of.' ... The exact point here in question does not seem to have been discussed in any of our decided cases, but the controlling principle has been fixed, as stated. * * * *If the cause of action is the wrongful act, and we so hold, then all of the damages sustained thereby, whether to person or*

7. For purposes of res judicata, a valid and final adjudication by an administrative tribunal has the same effect as a judgment of a court. *See City of Pittsburgh v. Pennsylvania Department of Transportation*, 490 Pa. 264, 274, 416 A.2d 461, 467 (1980) (Roberts, J., dissenting); Restatement (Second) of Judgments § 83; K. Davis, Administrative Law Treatise § 21:2 (2d ed.1983).

*property, are properly sought in one suit. A plaintiff is bound by his former recovery for a part, and cannot maintain a second action for an item which he saw fit to omit, * * * ".*

368 Pa. at 58–60, 81 A.2d at 864 (citation omitted; emphasis in original).

Likewise, in an action in assumpsit, the cause of action is "that which produced the results complained of." In this case, I would hold that the cause of action in appellee's case in assumpsit is different from the cause of action in the matter litigated before the Board and the Secretary of Education after appellee's 1977 discharge: the cause of action in this case was the Board's attempt to dismiss appellee in 1975 in violation of her right to due process, while the cause of action in the action challenging the legality of appellee's discharge was the Board's vote to dismiss appellee on July 28, 1977.

The fact that there are neither facts nor law common to these two actions and dispositive of them, and that the resolution of one action has no bearing on the resolution of the other, supports this conclusion. While one action is an action for breach of contract in which appellee is the plaintiff, the other is based upon the School Code and casts appellee in the role of "defendant." In addition, each of these actions involves separate issues: in one, the issue is appellee's right to back pay, and its resolution depends on the legality of appellee's first discharge; and in the other, the issue is the legality of appellee's second discharge. I would conclude, therefore, that appellee's claim to back pay is not based on the cause of action already litigated, and that it is not barred by res judicata.

Finally, the Board argues that appellee is barred from recovery by collateral estoppel. The Board contends that the School Code permits an award of back pay only in dismissal cases in which the final decision is in favor of the employee. *See* 24 P.S. § 11–1130. The Board then goes on

to argue that since appellee's dismissal in this case was ultimately affirmed, the only way that she could now be eligible for an award of back pay is if she is permitted to relitigate the merits of her 1977 dismissal and to prove that her dismissal was, in fact, improper. I think this argument is also without merit.

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue which has already been litigated and finally adjudicated in a prior action between the same parties. *See Commonwealth v. Hude,* 492 Pa. 600, 617, 425 A.2d 313, 322 (1980) (plurality opinion); *Barnes v. Buck,* 464 Pa. 357, 365 n. 10, 346 A.2d 778, 782 n. 10 (1975); Restatement (Second) of Judgments § 27.

In view of this definition, it is clear that collateral estoppel does not bar the consideration of any of the issues raised in appellee's action for back pay. Appellee does not seek to relitigate the merits of her dismissal; rather, she claims that despite the fact that her 1977 dismissal was ultimately upheld, she is still entitled to back pay for the period between the unlawful 1975 dismissal and the lawful 1977 dismissal.[8] Since appellee does not seek to relitigate any issue which has already been litigated and finally adjudicated, I would hold that collateral estoppel has no application to this case.

I would affirm the order of the Commonwealth Court.

PAPADAKOS, J., joins in this dissenting opinion.

---

8. It would be inappropriate to discuss the merits of the parties' arguments on the issue of appellee's entitlement to back pay because that issue has not been appealed or presented to the Court. I would note, however, that the court of common pleas in this case concluded that "[t]he entitlement is clear and we have no choice but to find the Board obliged to compensate plaintiff [appellee] for the interim period."