## Commonwealth v. Yurkovich

*Robert C. Edmundson, deputy attorney general,* for the Commonwealth.

*Robert L. Johnson,* for defendant.

TERPUTAC, *J.,* March 17, 1986—The matter before the court is a petition by a taxpayer, Nicholas L. Yurkovich, to vacate the Commonwealth's tax lien and to stay execution. On December 20, 1985, Nicholas L. Yurkovich (hereinafter Yurkovich) filed a document entitled petition to vacate personal income tax lien and to stay execution proceedings. The Commonwealth of Pennsylvania, Department of Revenue (hereinafter department), filed an answer and new matter to the petition averring that the court lacked subject-matter jurisdiction and that there was an exclusive administrative remedy provided by statute. For the reasons set forth herein, the petition will be dismissed and the stay lifted.

The parties have stipulated to the facts. In 1980, Yurkovich sold his tavern business and real property. As part of the consideration for the transaction, he became the holder of two promissory notes totalling $180,000. These notes call for installment payments over a 15-year period. In 1981, Yurkovich filed his personal income tax return for the year

1980, reporting a tax due of $4,277.23. The amount due was not paid with the return, however. Pursuant to the provisions of 72 P.S. §7301 et seq., an assessment in the amount of $5,571.09 consisting of tax, interest and penalty charges was entered against Yurkovich and mailed to him. He did not appeal this assessment.

In October 1982, the taxpayer entered into an agreement with the Department of Revenue to pay the delinquent tax by periodic payments. Furthermore, under the agreement a lien was filed in the sum of $4,638.07; a copy of the notice of lien was mailed to Yurkovich. When he stopped making payments to the Department of Revenue in 1983, the department notified him that he was in default under the agreement. On March 15, 1985, a writ of execution was issued and the taxpayer's bank accounts were attached. As a result only the sum of $129.49 was credited to the 1980 tax assessment. On April 15, 1985, he filed an amended return for the years 1981, 1982 and 1983. By filing these amended returns, Yurkovich attempted to report the capital gain for the year 1980 on an installment sales method of reporting, a method that was only permissible as the result of a statutory amendment enacted in 1983, 72 Pa.C.S. §7301(l-1). There is a dispute whether the Department of Revenue has rejected his amended returns. After the writ of execution was issued by the department, it notified Yurkovich of its intent to list his real property for sale if the tax assessment was not paid: On December 10, 1985, the taxpayer filed with the court the instant petition to vacate the Commonwealth's tax lien and to stay execution. A stay of execution was granted by the court during the pendency of these proceedings.

The Commonwealth contends that the court lacks subject-matter jurisdiction to hear and determine the claims of the taxpayer because of his failure to exhaust the statutory remedies provided by the Tax Reform Code of 1971, 72 P.S. §7101 et seq. In Myers v. Commonwealth of Pennsylvania, Department of Revenue, 55 Pa. Commw. 509, 423 A.2d 1101 (1980), the taxpayer sought a declaratory judgment with respect to the constitutionality of a tax statute on property assessments. Because exclusive jurisdiction on the matter was vested by the Tax Code to the administrative remedies of the Department of Revenue, the court denied relief. The decision against the taxpayer was made despite the fact that an action for declaratory judgment otherwise lies within the subject-matter jurisdiction of a court.

In Jackson v. Centennial School District, Pa. , 501 A.2d 218 (1985), Jackson sought an administrative remedy as the result of her dismissal as a tenured professional employee of the Centennial School District. When the decision was rendered against her in proceedings under the Public School Code, she abandoned her right to appellate review; instead, she brought an action in assumpsit in the court of common pleas for back wages. She contended that, notwithstanding the administrative remedy under the School Code, the court of common pleas has original subject-matter jurisdiction over actions in assumpsit for back wages. The Supreme Court held that the issue was not one of subject-matter jurisdiction but rather an issue governed by concepts of primary jurisdiction, exhaustion of administrative remedies and exclusivity of legislative remedies. The Supreme Court stated:

"We have consistently held that where a statutory remedy is provided, the procedure prescribed therein must be strictly pursued to the exclusion of other methods of redress.

. . .

"In the present case, appellee Jackson attempted to circumvent the statutory procedure by abandoning the appeal process of the Administrative Agency Law . . . and filing a common-law action under the original subject-matter jurisdiction of the court of common pleas. We hold such circumvention impermissible."      Pa. at      , 501 A.2d at 220. We hold that the same issue prevails in the instant case. Yurkovich has attempted to circumvent the administrative procedure by making a collateral attack on the Commonwealth's lien. In discussing the matters of jurisdiction and administrative remedies in the Jackson case, the court stated:

"In general, the doctrine of primary jurisdiction holds that where an agency has been established to handle a particular class of claims, the court should refrain from exercising its jurisdiction until the agency has made a determination. (Citation of cases). Hence, although the court may have subject-matter jurisdiction, the court defers its jurisdiction until an agency ruling has been made. This doctrine, extended to its fullest, is in parity with the doctrine of exhaustion of administrative remedies, which requires the litigant to pursue all of the administrative remedies before seeking judicial review."      Pa. at      , 501 A.2d at 221. Because we hold that Jackson and Myers control the disposition of this case, Yurkovich cannot prevail.

Referring to the Tax Reform Code, the Department of Revenue, under §7338, is authorized to

make assessment of taxes. If a taxpayer does not agree with the determination by the department, he may seek two levels of administrative review and then appeal to the Commonwealth Court. During the process, if a taxpayer files a petition for reassessment of a tax, the department shall, within six months, make a decision on the petition. Within 90 days after the date of mailing of the notice by the department of its action on the petition for reassessment, the taxpayer may proceed under §7341 by requesting a review by the Board of Finance and Revenue. Any aggrieved taxpayer may appeal to the Commonwealth Court by virtue of §7342. Even though Yurkovich negotiated an agreement with the department on the unpaid tax claim and agreed to pay the amounts due over a 30-month period, he defaulted. Then he brought the instant petition in order to vacate the statutory lien entered by the Commonwealth. Even though the tax assessment may seem to be the result of an unfairness in the prior statute, a condition which was remedied by the 1983 amendment, still the taxpayer must pursue his administrative remedies specifically provided for by statute. He may not circumvent this procedure by coming into the court of common pleas to vacate the statutory lien. Jackson v. Centennial School District.

## ORDER

And now, this March 17, 1986, it is ordered, adjudged and decreed that the stay originally granted be and the same is hereby lifted. The petition to vacate personal income tax lien and to stay execution proceedings is hereby dismissed. Upon praecipe by the Commonwealth the prothonotary shall enter judgment in accordance with this order.