J-S65007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY LANE | |
| Appellant | No. 655 WDA 2015 |

Appeal from the PCRA Order April 6, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001170-2012

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 9, 2016**

Anthony Lane appeals from the order, entered in the Court of Common Pleas of Washington County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On March 4, 2012, Lane forcefully entered the home of a former romantic partner, assaulted her, and tore her clothing off. A criminal complaint was filed on March 5, 2012, alleging burglary, criminal trespass, simple assault and harassment. The charges were ultimately dismissed after the victim and other witnesses failed to appear for a preliminary hearing. Thereafter, the arresting officer requested that the Washington County

_____

[*] Retired Senior Judge assigned to the Superior Court.

District Attorney's Office refile charges. Prior to doing so, the Commonwealth filed a request with the Court of Common Pleas that the matter be assigned to a different Magisterial District Judge, and a hearing was scheduled for April 19, 2012. Although copies of the scheduling order were purportedly mailed to Lane and the Office of the Washington County Public Defender, neither attended the hearing.

Thereafter, President Judge Debbie O'Dell Seneca ordered that charges be refiled before District Judge Curtis Thompson. A new complaint was filed on May 14, 2012, alleging attempted rape, attempted involuntary deviate sexual intercourse (IDSI), attempted sexual assault, burglary, simple assault, and harassment. A criminal information was subsequently filed on July 12, 2012, in which the Commonwealth alleged that Lane committed attempted rape, attempted sexual assault, burglary, criminal trespass, simple assault, and harassment. After a preliminary hearing, all charges were held for court except attempted IDSI, which was withdrawn by the Commonwealth. Lane's pretrial motions were denied.

On March 5, 2013, Lane entered a plea of guilty to defiant trespass, simple assault, disorderly conduct and harassment. He was sentenced to an aggregate of 30 to 60 months' imprisonment, plus 2 years' probation. Lane did not appeal from his judgment of sentence. On August 16, 2013, he filed a *pro se* PCRA petition alleging ineffective assistance of counsel. Due to the allegations of ineffectiveness against him, counsel filed a motion to withdraw, which the court granted. PCRA counsel was appointed and

subsequently filed a **Turner**/**Finley**[1] no-merit letter and motion to withdraw. The court granted counsel's motion and Lane filed an amended *pro se* PCRA petition on February 18, 2014. On July 11, 2014, the court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Lane did not respond to the Rule 907 notice, but filed a notice of appeal of the Rule 907 notice to this Court. Because the PCRA court had not entered a final order disposing of Lane's PCRA petition, this Court quashed Lane's appeal as premature. On April 8, 2015, the PCRA court dismissed Lane's petition and the instant appeal followed.

Lane raises numerous issues for our consideration, most of which assert violations of his constitutional rights as a result of the refiling of charges against him in May 2012. Lane challenges the trial court's subject matter jurisdiction, asserts that his lawyers were ineffective, and alleges constitutional violations by both the district attorney and his arresting officer, all relating to the refiling of charges against him. Lane is entitled to no relief.

We begin by noting that a guilty plea results in the waiver of all nonjurisdictional issues and a party who enters a guilty plea waives any objection to defects in the process by which he is brought before the court. **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974). Here, Lane pled

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

guilty and has not asserted that his plea was not knowingly, voluntarily and intelligently entered. Accordingly, he has waived all objections to procedural defects occurring prior to the entry of his plea.

Moreover, to the extent that Lane asserts that the trial court lacked subject matter jurisdiction, he is plainly incorrect. There are two requirements for subject matter jurisdiction as it relates to criminal defendants: the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged in compliance with the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution. *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007). As to the first requirement, it is beyond dispute that all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code. *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003). Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. *Id.*, citing Pa. Const. Art. 5, § 5 (establishing jurisdiction of courts of common pleas within unified judicial system).

Regarding the second requirement, the filing of a criminal information satisfies the federal and state constitutional requirements that a defendant be given formal, specific notice of the charged crimes. *Commonwealth v. Nischan*, 928 A.2d 349, 356 (Pa. Super. 2007). Here, a criminal information was filed on July 12, 2012. Thereafter, a preliminary hearing was held on February 25, 2013, at which Lane was represented by counsel.

Additionally, Lane and his counsel were well aware of the charges as they negotiated a plea bargain with the Commonwealth. Finally, Lane's plea colloquy included an acknowledgement of the factual basis of his plea, the criminal charges at issue, the maximum possible sentences, and an acknowledgment by Lane that the charges to which he was pleading guilty "are amended charges, . . . not what you were originally charged with." N.T. Plea/Sentencing Hearing, 10/8/13, at 11. Accordingly, we conclude that the Commonwealth provided Lane with formal and specific accusation of the crimes charged. Thus, despite any potential procedural flaws, the trial court had subject matter jurisdiction to accept Lane's plea.

We have reviewed the record, Lane's brief,[2] and the law applicable to this matter. We conclude that the opinion authored by the Honorable John F. DiSalle thoroughly and accurately disposes of the issues raised by Lane on appeal. Accordingly, we affirm on the basis of Judge DiSalle's opinion and instruct the parties to attach a copy of that opinion in the event of further proceedings in this matter.[3]

_____

[2] The Commonwealth did not file a brief in this matter.

[3] We note that Lane filed multiple applications with this court requesting to supplement the certified record to include numerous documents he claims are relevant to his appeal. These documents include the original criminal complaint filed on March 5, 2012, certain scheduling notices, the Commonwealth's motion to reinstate charges and for temporary reassignment, and Judge O'Dell Seneca's order directing the refiling of charges and assigning the case to District Judge Thompson. By response filed July 5, 2016, the Commonwealth indicated that it would not oppose
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016

_(Footnote Continued)_ ────────────

Lane's request.  Accordingly, we have reviewed the documents submitted by Lane and grant his motion to supplement the record.

THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
                                 )
    vs.                            )
                                 )    No.    1170-2012
Anthony Lane,                   )
    Defendant.              )
                                 )
                                 )

## OPINION OF COURT

This matter comes before the Court upon Defendant's appeal from the PCRA court's

Order dated July 11, 2014, denying his Post Conviction Relief Act (PCRA) Petition.

On August 26, 2014, Defendant, Anthony Lane (hereinafter referred to as "Petitioner"),

pro se, filed a Notice of Appeal to the Superior Court from the denial of his PCRA petition,

which included a Concise Statement of the Matters Complained of on Appeal raising 23 issues.

The facts of the case, briefly summarized, are as follows: On March 4, 2012, Petitioner,

Anthony Lane, forcefully entered the home of Sherri Rhone, a former romantic partner, by

breaking a basement window. After entering the home, Petitioner proceeded upstairs to Ms.

Rhone's bedroom, and after Ms. Rhone told Petitioner to leave the residence, an argument began.

Petitioner then pinned Ms. Rhone to her bed, held his hand over her mouth with enough force to

draw blood, and tore her clothing off of her body. Ms. Rhone shouted for help, and her son called

the police.[1]

A criminal complaint was filed against the Defendant on March 5, 2012, whereby

Petitioner was arrested and charged with Burglary[2], Criminal Trespass[3], Simple Assault[4], and

---

[1] Preliminary Hearing Transcript (PHT), 15-17.
[2] 18 Pa.C.S. § 3502(a).
[3] 18 Pa.C.S. § 3503(a)(1)(ii).
[4] 18 Pa.C.S. § 2701(a)(1).

1

Harassment.[5] Preliminary hearings were scheduled to be heard by Magisterial District Justice Hopkins, and twice continued for reasons not clear of record. Following an application by the Commonwealth for a third continuance when the victim and other witnesses failed to appear for the third hearing, Judge Hopkins dismissed the charges on April 5, 2012.

Following dismissal of the charges, the arresting officer submitted a request to the Washington County District Attorney's Office to refile the charges against Petitioner. The attorney for the Commonwealth approved the refiling, and informed the officer of the Commonwealth's intention to seek to have the case assigned a different Magisterial District Justice. Prior to the refiling of the charges, on April 11, 2012, the attorney for the Commonwealth petitioned the Court of Common Pleas for a temporary assignment of a different Magisterial District Justice, and a hearing was scheduled for April 18, 2012. Copies of the motion and scheduling order were purportedly sent to the Office of the Public Defender and to Petitioner. Neither Petitioner nor his attorney attended the hearing, and President Judge O'Dell Seneca issued an order following that hearing on April 18, 2012 directing that charges be refiled before Magisterial District Justice Thompson.

A new criminal complaint, alleging the same facts, was filed with Judge Thompson's office on May 14, 2012, whereby Petitioner was charged with Criminal Attempt to Commit Rape,[6] Criminal Attempt to Commit Involuntary Deviate Sexual Intercourse,[7] Criminal Attempt to Commit Sexual Assault,[8] Burglary,[9] Simple Assault,[10] and Harassment.[11]

---

[5] 18 Pa.C.S. § 2709(a)(1).
[6] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3121(a)(1).
[7] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3123(a)(1).
[8] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3124.1.
[9] 18 Pa.C.S. § 3502(a).
[10] 18 Pa.C.S. § 2701(a)(1).
[11] 18 Pa.C.S. § 2709(1).

2

A preliminary hearing was conducted before Magisterial District Justice Thompson on May 22, 2012 on the aforementioned charges, and excluding the charge of Criminal Attempt to Commit Involuntary Deviate Sexual Intercourse,[12] which was withdrawn by the Commonwealth, all charges were held for court.[13] Petitioner filed pretrial motions on February 22, 2013, including motions for exclusion of 404(b) evidence, and for a Writ of Habeas Corpus, challenging the procedure followed by the Commonwealth in its refiling of the charges against him.[14] A hearing was held on said motions on February 28, 2013, wherein Petitioner's motions were denied.[15]

On March 5, 2013, Petitioner entered a plea of guilty to the charges of Defiant Trespass,[16] Simple Assault,[17] Disorderly Conduct,[18] and Harassment.[19] Petitioner was sentenced on March 5, 2013 as follows:

1. On the charge of Defiant Trespass, a Misdemeanor of the 1st degree,[20] to be incarcerated in a state correctional institution for a period of eighteen (18) to thirty-six (36) months, with credit for time served of 298 days;

2. On the charge of Simple Assault, a Misdemeanor of the 2nd degree, to be incarcerated in a state correctional institution for a period of twelve (12) to twenty-four (24) months, to be served consecutively to the charge of Defiant Trespass;

---

[12] 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3123(a)(1).
[13] PHT, 38-40.
[14] Docket entry 14.
[15] Habeas Corpus Hearing Transcript (HCT), 12, 36.
[16] 18 Pa.C.S. § 3503(b)(1)(v).
[17] 18 Pa.C.S. § 2701(a)(1).
[18] 18 Pa.C.S. § 5503(1).
[19] 18 Pa.C.S. § 2709(a)(4).
[20] Petitioner entered his plea of guilty to this amended charge of Defiant Trespass, a misdemeanor of the 1st degree, pursuant to the negotiated plea agreement. PST, 11-14.

3. On the charge of Disorderly Conduct, a Misdemeanor of the 3rd degree, to be placed on probation for a period of twelve (12) months, to be served consecutively to the charges of Defiant Trespass and Simple Assault;

4. On the charge of Harassment, a Misdemeanor of the 3rd degree, to be placed on probation for a period of twelve (12) months, to be served consecutively to the charges of Defiant Trespass, Simple Assault, and Disorderly Conduct.

Petitioner's total aggregate sentence was no less than thirty (30) months and no more than sixty (60) months of incarceration, followed by two (2) years of probation. The Defendant was also ordered to pay restitution in the amount of $95.70 to Sherri Rhone, and to have no contact with Sherri Rhone, her son, or any of her immediate family.[21]

Following sentencing, Petitioner filed a timely motion for post-conviction collateral relief on August 16, 2013.[22] Petitioner's attorney, Keith Emerick, Esquire, filed a motion to withdraw as counsel on August 23, 2013, due to Petitioner's assertion of counsel's ineffectiveness, and the court granted the motion, appointing Mary Bates, Esquire to serve as PCRA counsel.[23]

On January 14, 2014, PCRA counsel issued a "No Merit Letter" pursuant to *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988) and *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), and filed a motion to withdraw as counsel and for an extension of time for Petitioner to file an amended/supplemental PCRA Petition, which was granted on January 16, 2014.[24] Thereafter, Petitioner filed an Amended pro se PCRA Petition on February 18, 2014.[25]

---

[21] Plea and Sentencing Transcript, 32-34.
[22] Docket entry 25.
[23] Docket entry 26.
[24] Docket entry 31.
[25] Docket entry 32.

4

After review of the Petition, the record, and the No Merit Letter, the trial court found that the issues raised by Petitioner were without merit and that no issues were raised which would be served by further proceedings. By Order dated July 11, 2014, the PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, indicating its intention to dismiss the petition without hearing due to lack of merit. The Notice further informed Defendant of his right to respond to the proposed dismissal within twenty (20) days thereafter.[26]

Petitioner never responded to the Notice of Intent to Dismiss, but on August 26, 2014, Petitioner filed a Notice of Appeal of the dismissal of his petition and a Concise Statement of Matters Complained of on Appeal.[27] A final order of dismissal of Petitioner's PCRA petition was issued by the PCRA court on April 6, 2015.

The trial court submits the Defendant has failed to meet his burden under the Post Conviction Relief Act to plead and prove that he is eligible for relief.[28] Section 9543 of the Post Conviction Relief Act provides:

> (a) General rule. To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> .   .   .
>
> (2) That the conviction or sentence resulted from one or more of the following:
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

---

[26] Docket entry 36.
[27] Docket entry 40.
[28] 42 Pa.C.S. § 9543(a)(2)(vi).

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
(v) Deleted.
(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
(vii) The imposition of a sentence greater than the lawful maximum.
(viii) A proceeding in a tribunal without jurisdiction.
(3) That the allegation of error has not been previously litigated or waived.
(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.[29]

To the extent that the Superior Court decides that the merits of Defendant's Petition should be reviewed, the trial court submits that Defendant's PCRA Petition is without merit and that it was appropriate to dismiss the Petition without further proceedings.

Petitioner raised numerous claims in his amended petition, purporting to fall within the eligibility requirements listed in 42 Pa.C.S. § 9543(a)(2)(i), (ii) and (viii), namely, violations of his Constitutional rights to due process and notice of charges, ineffective assistance of counsel, and proceedings in a tribunal without jurisdiction. At the outset of his Petition, Appellant raised in his official claims No. 1 through 8 that appointed counsel Mary Bates lacked a reasonable basis for failing to pursue Petitioner's claims. Specifically, claims 1, 2, 3, and 6 asserted that the Magisterial District Courts involved throughout the process of Petitioner's case lacked subject matter jurisdiction. Claim 4 asserted that Petitioner's due process rights were violated by the refiling of charges in his case. Claim 5 asserted that the Order of Court directing the refiling of charges under Pa.R.Crim.P. 544 and 132 had "nothing to do with" the refiling of said charges.[30] Claim 7 asserted that Attorney Keith Emerick was ineffective for failing to pursue an appeal of the denial of Petitioner's Habeas Corpus petition. Finally, Claim 8 contained a conclusion that

---

[29] 42 Pa.C.S. § 9543.
[30] Petitioner's Amend/Supplement to PCRA at 3 (February 18, 2014).

6

Attorney Bates had no reasonable basis not to pursue all of the claims and that her failure to act was prejudicial to Petitioner. Additionally, following the eight original issues raised, Petitioner included a list titled "Underlying Issue's [sic] with Arguable Merit,"[31] which contained another lengthy and repetitive list claiming a lack of subject matter jurisdiction in the courts, as well as violations of Petitioner's Constitutional rights through lack of notice of charges and improper procedures.

Petitioner essentially restates these same issues in his Concise Statement of Matters Complained of on Appeal, but also adds other claims of the same procedural defects, as well as ineffectiveness of counsel claims against attorneys Russell Korner, Thomas Cooke and Charles Charpinelli, all of the Public Defender's office. Issues 1, 6, 17 and 23 assert deficiencies in the jurisdiction of the courts which adjudicated his case. Issues 3, 10 and 13 assert violations of Petitioner's right to notice of charges. Issues 4, 7, 11, 15 and 18 assert violations of Petitioner's Constitutional right to Due Process. Issues 19, 20, and 21 assert ineffectiveness claims against all counsel throughout the proceedings. Issues 2, 8, 9, 12, 14, and 16 assert procedural deficiencies in the filing of charges and the issuance of judicial orders regarding the refiling of charges. Finally, Issue 5 vaguely asserts violations of Judicial Canon by President Judge Debbie O'Dell Seneca, and Issue 22 asserts that District Attorney Eugene Vittone and Assistant District Attorney Christina Fox violated procedural rules, and falsified a certificate of service, in violation of 18 Pa.C.S. § 4904.[32]

The PCRA court submits that Issues 2, 5, 8, 9, 12, 14, 16, and 22 of Defendant's Petition do not meet the requirements of the Post Conviction Relief Act (PCRA), as they complain of

---

[31] Petitioner's Amend/Supp. To PCRA at 4 (February 18, 2014).
[32] Petitioner's Concise Statement of Matters Complained of on Appeal (August 26, 2014).

7

alleged procedural defects and alleged ethical violations, and thus do not fall under any of the bases for relief enumerated by the PCRA statute.[33]

Additionally, Petitioner's alleged procedural issues were addressed at his habeas corpus hearing, where the PCRA court determined that, even if Petitioner was correct in his assertion of a procedural irregularity in the refiling of charges, the remedy for any irregularity would have been to schedule another preliminary hearing on Petitioner's charges.[34] Since Petitioner was afforded a fair and impartial hearing before a Magisterial District Justice authorized to hear the case by an order of the President Judge of Washington County, and that hearing determined that a prima facie case was established against Petitioner, no remedy existed for Petitioner at that time, and thus, the issue was moot.[35] Petitioner subsequently entered a guilty plea to a reduced set of charges, and was sentenced accordingly.[36] The Supreme Court of Pennsylvania has held that a guilty plea waives all questions of "the sufficiency or regularity [of prior proceedings], including the right to any preliminary hearing at all."[37] Since Petitioner entered a guilty plea, the procedural issue would be waived by the entrance of that plea, even had the procedural issue been meritorious.

Though mostly a reiteration of those same procedural arguments, the claims Petitioner raises in his Concise Statement of violations of his Constitutional rights, ineffective assistance of counsel, and lack of subject matter jurisdiction will be addressed below.

I.    PETITIONER'S CLAIMS THAT THE COURTS LACKED SUBJECT MATTER JURISDICTION AND VIOLATED HIS CONSTITUTIONAL RIGHT TO NOTICE OF CHARGES ARE WITHOUT MERIT AND WERE PROPERLY DISMISSED

---

[33] *See* 42 Pa.C.S. § 9543(a)(2).
[34] HCT, 15-22.
[35] *Id.*
[36] Docket entry 19.
[37] *Commonwealth v. Little*, 455 Pa. 163, 169, 314 A.2d 270, 273 (1974).

8

Petitioner's Issues 1, 6, 17, and 23 all allege that the courts lacked subject matter jurisdiction over Petitioner's case throughout the course of the proceedings, based on perceived procedural defects. Issues 3, 10, 11, 13, 15, and 18 all allege that Petitioner's Constitutional right to notice of his charges was violated by the same perceived procedural defects. The PCRA court asserts that these claims are without merit and were properly dismissed.

Petitioner claims, and had previously claimed in his petition for habeas corpus, that the Commonwealth's Motion for Refiling of Charges and for Temporary Assignment of Magisterial District Justice, the court's granting said motion, and the subsequent refiling of charges did not properly follow the procedures enumerated in Rule 544 of the Pennsylvania Rules of Criminal Procedure, and that that perceived procedural defect divested the courts of their jurisdiction over the case.

However, the Supreme Court of Pennsylvania has held that "a procedural mistake, in and of itself, does not divest the trial court of subject matter jurisdiction."[38] When determining whether a court has subject matter jurisdiction over a case, two questions must be addressed. The first question is that of "'the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs.'"[39] The second question is whether the defendant was given formal notice of the charges against him.[40]

Courts of Common Pleas are given "unlimited original jurisdiction in all cases except as may otherwise be provided by law."[41] The Supreme Court of Pennsylvania in *Commonwealth v. Little* employed this language in determining that the "competency of the Court of Common

---

[38] *Commonwealth v. Jones*, 593 Pa. 295, 306, 929 A.2d 205, 211 (2007).

[39] *Commonwealth v. Little, supra* at 168, 272 (quoting *Cooper-Bessemer Co. v. Ambrosia Coal & Construction Co.*, 447 Pa. 521, 524, 291 A.2d 99, 100 (1972) (citing *Jones Memorial Baptist Church v. Brackeen*, 416 Pa. 599, 602, 207 A. 2d 861 (1965))).

[40] *Id.* at 168, 273, *citing* Constitution of Pennsylvania, Article I, Section 9.

[41] Constitution of Pennsylvania, Article V, Section 5(b). *See also Commonwealth v. Jones, supra* at 304, 210 (stating that courts of common pleas have statewide jurisdiction over cases arising under the Crimes Code).

9

Pleas of Allegheny County, acting through its criminal division, to try a charge of murder and manslaughter is clear beyond question."[42] The same analysis would apply to the Court of Common Pleas of Washington County in trying the numerous criminal charges brought against Petitioner in Washington County, and as such, its competency here is also "clear beyond question."[43]

Formal notice of charges is both an element required for the establishment of subject matter jurisdiction, and the subject of a number of claims of violations of Petitioner's Constitutional rights raised in his Concise Statement.[44] It is well established that the filing of a criminal information by the Commonwealth "satisfies the constitutional requirements, under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, that a defendant be given formal, specific notice of the charged crimes."[45]

Here, following two separate criminal complaints and a full preliminary hearing, a criminal information charging Petitioner with multiple crimes was filed by the Commonwealth on July 12, 2012, including those crimes to which he pled guilty.[46] As such, Petitioner was given formal notice of his charges, his right to such notice was not violated, and the court properly invoked its subject matter jurisdiction over Petitioner's case. Petitioner's claims of a lack of subject matter jurisdiction and violations of his right to notice of charges are therefore without merit and were properly dismissed.

## II. PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE WITHOUT MERIT AND WERE PROPERLY DISMISSED

---

[42] *Commonwealth v. Little, supra* at 168, 272.
[43] *Id.*
[44] *See* Petitioner's Concise Statement of Matters Complained of on Appeal (August 26, 2014).
[45] *Commonwealth v. Nischan*, 928 A.2d 349, 356 (Pa. Super. 2007) (citing *Commonwealth v. Hatchin*, 709 A.2d 405, 408 (Pa. Super. 1998)).
[46] Docket entry 7.

10

Petitioner raises ineffective assistance of counsel claims against all five attorneys who were involved in his representation throughout the proceedings in Issues 19-21 of his Concise Statement.[47] Petitioner also raised ineffectiveness claims against PCRA counsel, Mary Bates, and prior counsel, Keith Emerick, in his amended petition.[48] The trial court asserts that these claims are without merit and were properly dismissed.

Preliminarily, there is a "presumption that counsel is effective."[49] In order to prevail on an ineffective assistance of counsel claim, Defendant must:

Plead and prove, by a preponderance of the evidence, three elements:

(1) the underlying legal claim has arguable merit;
(2) counsel had no reasonable basis for his action or inaction; and
(3) Appellant suffered prejudice because of counsel's action or inaction.[50]

It has been established that "[a] PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness,"[51] and that a proper claim must be set forth and developed pursuant to the three-pronged *Pierce* test.[52] Petitioner makes no effort in his Petition to make any cogent arguments on any of the three prongs of the *Pierce* test, instead simply restating his claims of Constitutional rights violations and lack of subject matter jurisdiction based on the aforementioned procedural question. As Petitioner has failed to assert a legitimate claim of ineffectiveness, his Petition as it relates to those claims was properly dismissed. However, the PCRA court will, in the interest of completeness, address Petitioner's claims under the three elements enumerated in *Pierce*.

---

[47] Petitioner's Concise Statement of Matters Complained of on Appeal at 3 (August 26, 2014).
[48] *Id.*
[49] *Commonwealth v. Spotz*, 610, Pa. 17, 44, 18 A.3d 244, 259-260 (2011).
[50] *Id.* at 260 (citing *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008) (citing *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987))).
[51] *Commonwealth v. Natividad*, 595 Pa. 188, 209, 938 A.2d 310, 323 (2007); *See also Commonwealth v. Spotz*, 587 Pa. 1, 896 A.2d 1191 (2006); *Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33 (2002); *Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935 (2001); *Commonwealth v. Abdul-Salaam*, 570 Pa. 79, 808 A.2d 558 (2001).
[52] *Commonwealth v. Spotz, supra* at 99, 1250. *See also Commonwealth v. Pierce, supra.*

Beginning with the prejudice prong, the Supreme Court of Pennsylvania has repeatedly held that to meet the burden of establishing prejudice by counsel's ineffectiveness, the petitioner "must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'"[53] As stated above, many of Petitioner's ineffectiveness claims are based on asserting that counsel failed to properly address the perceived procedural flaw in the refiling of Petitioner's charges, even though, as addressed above, Petitioner received a fair and impartial preliminary hearing. Ultimately, Petitioner entered a guilty plea to several of the charges filed against him after knowingly, intelligently, and voluntarily waiving his rights.[54] Petitioner offers no evidence or argument as to how having a preliminary hearing in front of the original issuing authority in the case would have changed the outcome of the case.

The second prong of the test requires that the Petitioner's underlying legal claim have merit. As discussed at length above, Petitioner's claims revolve almost entirely around a perceived procedural error which, even if proven, provides no possible remedy at this stage of his case, and provided no possible remedy after the completion of his preliminary hearing. After Petitioner was afforded due process and had his preliminary hearing, the issue had no merit, and it continues to lack merit. Thus, the argument also fails that prong of the *Pierce* test.

Finally, the third prong of the test requires that counsel have a reasonable basis for the alleged action or inaction.[55] As counsel cannot be determined to be ineffective for failing to raise a meritless claim,[56] it follows that counsel's failure to pursue a meritless claim at earlier stages in the proceedings would be considered a reasonable basis for inaction. As such, Petitioner failed to

---

[53] *Commonwealth v. Rollins*, 558 Pa. 532, 543-544, 738 A.2d 435, 441 (1999) (quoting *Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 357 (1995)).
[54] Docket entry 19.
[55] *Commonwealth v. Spotz, supra* at 45, 260.
[56] *Commonwealth v. Jones*, 571 Pa. 112, 131, 811 A.2d 994, 1005 (2002).

12

establish that any of his attorneys lacked a reasonable basis for their actions, and thus his claim was properly dismissed.

For the reasons set forth, the trial court submits that Defendant has failed to prove that he is entitled to relief under the Post Conviction Relief Act and submits that the denial of Defendant's PCRA petition should be affirmed.

Date:

_____

By the Court:

_____, J.

John F. DiSalle, Judge

13